IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| JAMES EARL WHITE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 3:18-CV-61-MSH |
| | : | Social Security Appeal |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's ("ALJ's") determination, denied Plaintiff's applications for supplemental security income and disability insurance benefits, finding that he is not disabled within the meaning of the Social Security Act and accompanying regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam).

"Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The plaintiff bears the initial burden of proving that he is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). The plaintiff's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2] A plaintiff seeking Social

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

Security disability benefits must demonstrate that he suffers from an impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a plaintiff must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a plaintiff is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the plaintiff is working. *Id.* If not, the Commissioner determines whether the plaintiff has an impairment which prevents the performance of basic work activities. *Id.* Second, the Commissioner determines the severity of the plaintiff's impairment or combination of impairments. *Id.* Third, the Commissioner determines whether the plaintiff's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing"). *Id.* Fourth, the Commissioner determines whether the plaintiff's residual functional capacity can meet the physical and mental demands of past work. *Id.* Fifth, and finally, the Commissioner determines whether the plaintiff's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ADMINISTRATIVE PROCEEDINGS

Plaintiff James Earl White applied for disability insurance benefits and supplemental security income on April 3, 2014, alleging he became disabled to work on July 22, 2013. His applications were denied initially on September 15, 2014, and on reconsideration on February 18, 2015. On March 4, 2015, Plaintiff timely requested an evidentiary hearing before an ALJ and the hearing was conducted on October 19, 2016. Tr. 20. Plaintiff appeared at the hearing with his attorney and testified, as did an impartial vocational expert. Tr. 43-80. On April 17, 2017, the ALJ issued an unfavorable decision denying his applications. Tr. 17-42. Plaintiff next sought review by the Appeals Council, but was denied on March 9, 2018. Plaintiff has exhausted the available administrative remedies under the Social Security Act and seeks judicial review of the Commissioner's final decision denying his claims for benefits.

## STATEMENT OF FACTS AND EVIDENCE

On his alleged disability date Plaintiff was thirty-six years old and classified as a "younger person" under the Commissioner's regulations. 20 C.F.R. §§ 404.1563, 416.963; Finding 7, Tr. 35. In conducting the five-step sequential analysis of his claims the ALJ found, at step two, that Plaintiff has severe impairments of degenerative disc disease, joint disease, substance abuse and alcohol abuse disorders, and personality disorder. Finding 3, Tr. 22. At step three, the ALJ determined that these impairments neither meet nor medically equal a listed impairment set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. Finding 4, Tr. 22-24. Between steps three and four, the ALJ assessed Plaintiff to have the residual functional capacity ("RFC") to engage in a restricted range of light work as

4

defined in 20 C.F.R. §§ 404.1567(b), 416.967(b) with added exertional, environmental, postural and non-exertional limitations. Finding 5, Tr. 24-35. The ALJ found, at step four, that Plaintiff cannot resume his past relevant work as a materials handler. Finding 6, Tr. 35. At step five, the ALJ established, through the testimony of the vocational expert, that Plaintiff's restricted RFC permits him to engage in light work as a marker, garment sorter, and assembler, and that these jobs are available to him in the national economy. Finding 10, Tr. 36-37. She therefore found Plaintiff to be not disabled to work. Finding 11, Tr. 37.

## DISCUSSION

### I. Substantial Evidence Determination

Plaintiff contends that "the ALJ's findings at all stages of the proceedings, from step [t]wo through [s]tep [f]ive, were not based on substantial evidence." Pl.'s Br. 30-31. No error occurred at step two because, by finding at least one or more severe impairments (in this case both exertional and non-exertional) and proceeding to subsequent steps in the sequential analysis, the ALJ ruled in Plaintiff's favor at step-two. In *Heatly v. Comm'r of Soc. Sec.,* 382 F. App'x 823 (11th Cir. 2010), the Eleventh Circuit held that "nothing requires that the ALJ must identify, at step-two, all of the impairments that should be considered severe." *Id.* at 824-25. Instead, what is important is that the ALJ properly considers all impairments at subsequent steps. *Tuggerson-Brown v. Comm'r of Soc. Sec.,* 572 F. App'x 949 (11th Cir. 2014). Plaintiff's claim that the ALJ erred at step two is meritless.

At step three, an ALJ is required to determine whether a claimant has an impairment or combination of impairments which meet or medically equal a listed impairment set forth

in the Commissioner's regulations. Plaintiff's brief, though lengthy, does not specifically claim that the ALJ committed an error at step three. The Court has nonetheless reviewed the medical evidence of record and finds no support for assigning error to the ALJ's step-three analysis.

Plaintiff also asserts that the ALJ's formulation of his RFC is unsupported by substantial evidence. Pl.'s Br. 10-30. A claimant's RFC is assessed between steps three and four of the sequential analysis, and is a determination of his or her remaining ability to engage in work despite impairments. It is the most that a claimant can do despite being impaired. 20 C.F.R. § 404.1545(a). The RFC is considered along with the claimant's age, education, and work experience in establishing whether the claimant can still work. 20 C.F.R. § 404.1520(f). Establishing the RFC is within the authority of the ALJ. *Lewis v. Callahan,* 125 F.3d 1436, 1440 (11th Cir. 1997). The ALJ must assess a claimant's abilities on a function-by-function basis and express the RFC in terms of the exertional level of work the claimant can still do. SSR 96-8p, 1996 WL 374184 (July 2, 1996).

Here, the ALJ's assessed limitations are well-supported by the medical evidence of record and properly explained in a manner sufficient to facilitate judicial review of the administrative process. While Plaintiff argues that the ALJ improperly discredited his testimony about the effects of his symptoms, the ALJ properly found that Plaintiff was untruthful about his activities of daily living such as church attendance, keeping and using a bank account, and applying for and receiving unemployment benefits. Tr. 68, 33-34. Also, the ALJ noted inconsistencies between his complaints of symptomology and what his health care providers found on clinical examinations. Tr. 550-51, 553-54, 556-60, 664-

66. In assessing Plaintiff's RFC, the ALJ properly discounted his credibility and no error is found.

## II. Consideration of Opinion Evidence

Plaintiff also claims the ALJ erred in his consideration of the opinion evidence. Pl.'s Br. 1, 26-29. He contends that the ALJ should not have assigned significant weight to the opinion of Dr. Williams, an examining psychologist who conducted a consultative examination. It is the function of the Commissioner to weigh the evidence, resolve conflicts in the evidence, and make credibility determinations. The Commissioner has the responsibility to draw inferences from the evidence and, when supported by substantial evidence, these finding may not be overturned by a court on judicial review. *Cornelius v. Sullivan,* 936 F.2d 1143, 1145 (11th Cir. 1991). After examining Plaintiff, Dr. Williams found that his self-reports of limitations in functioning were not consistent with his medical history or clinical presentation. Tr. 525-30. The ALJ was within her authority to credit this finding and no error is found.

## III. Consideration of Substance Abuse and Medication

Plaintiff also contends the ALJ did not properly address his substance abuse and alcohol disorder, or properly evaluate the side effects of his medication. Pl.'s Br. 1, 25-26, 29-30. Neither of these arguments has merit. Plaintiff has extensive history of alcohol abuse and regular marijuana use. Tr. 532, 557, 628, 638. The ALJ did not disqualify him from benefits because of this, but rather because he is a "younger individual" capable of engaging in substantial gainful activity at jobs available to him in the national economy. While he occasionally complained of drowsiness as a result of medication, the ALJ

properly discredited Plaintiff's testimony for a number of reasons well-supported by record evidence, and no physician specifically found him to have disabling medication side effects.

**IV. RFC Formulation and New Evidence**

In her step-five analysis, the ALJ found that there are jobs at which Plaintiff can work within his restricted RFC. Plaintiff contends that this is erroneous because the RFC was improperly formulated. The Court has found otherwise as stated above and this claim of error is meritless.

Finally, Plaintiff has submitted sixteen pages of what he contends is new and material evidence which warrants remand. The Court has examined each page and finds that on its face, the evidence is neither new nor material. The evidence is clinical notes of visits Plaintiff had with Harvey Gayer, Ph.D., a licensed clinical psychologist. The first page contains the psychologist's quoting Plaintiff as complaining of "the same old same old…finances are low [and] dissatisfaction [with] his attorney[]" and the efforts of the attorney to obtain disability benefits for him. Pl.'s Br. Ex. 1 at pg. 2, ECF No. 15-1. Plaintiff repeatedly expresses concern with what he perceives as a lack of progress in securing either disability insurance benefits or "SSI." *Id.* at 4,5. On September 30, 2014, the psychologist noted that Plaintiff complained of "the same old stuff…upset he was turned down for SSI" and further stated "nothing new going on." *Id*. at 13. The psychologist identified "financial" as Plaintiff's primary stressor followed by "relationship." *Id.* at 15. None of this is evidence sufficient to justify a remand to the Commissioner.

## CONCLUSION

For the reasons stated above, the determination of the Social Security Commissioner is affirmed.

SO ORDERED, this 19th day of December, 2018.

/s/ Stephen Hyles  
UNITED STATES MAGISTRATE JUDGE